UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN DOUGLAS CAMPBELL, | Case No. 2:17-cv-03024-APG-VCF |
| Plaintiff, | SCREENING ORDER |
| v. | |
| BRIAN S WILLIAMS, | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed two applications to proceed *in forma pauperis*.[1] (ECF No. 1, 1-1, 3). Plaintiff also has filed a motion for appointment of counsel. (ECF No. 4). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses Plaintiff's motion for appointment of counsel.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The January 22, 2018 application for leave to proceed *in forma pauperis* (ECF No. 3) replaces the December 8, 2017 application to proceed *in forma pauperis* (ECF No. 1). The Court therefore dismisses the December 8, 2017 application (ECF No. 1) as moot.

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP). Plaintiff sues Officer S. Vanzant and Officer L. Rivera. (*Id.* at 2.) Plaintiff alleges two counts and seeks injunctive relief and monetary damages. (*Id.* at 5, 10.)

**A. Count I**

Count I alleges the following: Plaintiff notified Officer S. Vanzant and Officer L.

Rivera that he could not produce a urine sample because he has paruresis, also known as "shy bladder." (*Id.* at 4.) Plaintiff asked Officer Vanzant for an alternative drug testing procedure. (*Id.*) Officer Vanzant refused and told Plaintiff that Plaintiff had to sign a form indicating that he had refused to produce a urine sample. (*Id.*) Plaintiff signed the form, but noted that the reason for the refusal was "stage fright" and "shy bladder" or "paruresis." (*Id.*) Plaintiff alleges that this conduct by Defendants violated his Eighth Amendment right against cruel and unusual punishment. (*Id.*)

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, prison officials have a duty to ensure that prisoners are provided adequate personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective test. *Id.* The objective prong requires a showing that the condition or deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). When considering the conditions of confinement, a court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and [the official] must also draw the inference." *Id.* at 837. Mere negligence is insufficient to show a violation of the Eighth Amendment. *Id.* at 835-36.

The Court finds that Plaintiff fails to state a colorable Eighth Amendment claim. Plaintiff has not adequately alleged a sufficiently serious condition. Absent more extreme circumstances and consequences, the mere instruction that a prisoner with shy bladder urinate for purposes of a drug test is not sufficiently serious to meet the objective prong of the Eighth Amendment. *See Inman v. Hatton*, No. 17-CV-06612-SI, 2018 WL 1100959, at *6 (N.D. Cal. Mar. 1, 2018) (allegations that defendant required prisoner with shy bladder to urinate in front of guard did not amount to a sufficiently serious condition to meet objective prong of Eighth Amendment test). Furthermore, Plaintiff has not adequately alleged deliberate indifference by Defendants. Although Plaintiff alleges that he informed Defendants that he could not produce a urine sample due to his shy bladder, he does not allege facts sufficient to show that Defendants believed that they were inflicting a serious risk of harm on Plaintiff by demanding the urine sample. *See Crowell v. Beeler*, No. 114CV01724AWIBAMPC, 2015 WL 7353889, at *4 (E.D. Cal. Nov. 19, 2015) (dismissing Eighth Amendment claim because Plaintiff had not adequately alleged that defendant deliberately disregarded an excessive risk to plaintiff's health or safety when defendant demanded urine sample even though plaintiff said that it would be difficult for him to produce one due to his condition).

The Court therefore will dismiss this claim without prejudice, with leave to amend. If Plaintiff chooses to amend this claim, he must allege facts sufficient to show that being instructed to provide a urine sample imposed extreme harm on him and that Defendants knew this and deliberately disregarded the risk of great harm to Plaintiff's health and safety.

**B. Count II**

Count II alleges the following: Plaintiff was punished for failing to produce a urine sample by being moved from level 1 to level 3, where he was confined to a cell most of the time and was not able to buy products from the canteen for 90 days. (*Id.* at 5). Plaintiff

now has an MJ-44 write-up on his institutional record for failing to submit to drug and alcohol screening. (*Id.*) Plaintiff alleges that this conduct violated his Fourteenth Amendment right to due process. (*Id.*)

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The *Sandin* Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Id.* at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with the following procedural protections: (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992). An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Jail officials "must make the decision whether

to allow witnesses on a case-by-case basis, examining the potential hazards that may result from calling a particular person." *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003). Despite this, an inmate has no right to cross-examine or confront witnesses in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68.

The Court finds that Plaintiff has not stated a colorable due process claim. Liberally construed, the complaint alleges a liberty interest by alleging that, as a result of the being found guilty of the disciplinary charges, Plaintiff was confined to a cell most of the time. However, Plaintiff has not alleged that he was denied any constitutionally mandated procedural protections. Accordingly, the Court will dismiss this claim without prejudice, with leave to amend. If Plaintiff chooses to amend this claim, he must allege facts sufficient to show that he was denied the constitutionally required procedural protections. He also must allege *who* it was who deprived him of such constitutionally required procedures.

### C. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff should follow the instructions on the form and explain what each Defendant did to violate his rights.

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30

days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall be dismissed with prejudice.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 4). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Therefore, the Court denies the motion for appointment of counsel.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the December 8, 2017 application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

IT IS FURTHER ORDERED that a decision on the January 22, 2018 application to proceed *in forma pauperis* (ECF No. 3) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

IT IS FURTHER ORDERED that the entire complaint is dismissed without prejudice, with leave to amend.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

1    IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 4) is denied.

Dated: August 29, 2018.

_____
UNITED STATES DISTRICT JUDGE