**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JUSTIN DOUGLAS CAMPBELL, | Case No. 2:17-cv-03024-APG-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| BRIAN S WILLIAMS, *et al.,* | |
| Defendants. | |

Justin Campbell, a state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983. On August 29, 2018, I dismissed the complaint with leave to amend and directed Campbell to file an amended complaint within 30 days. ECF No. 5 at 8. The 30-day period has now expired, and Campbell has not filed an amended complaint or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order informed Campbell that he must file any amended complaint within 30 days and stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice." ECF No. 5 at 8, 9. Thus, Campbell had adequate warning that dismissal would result from his noncompliance with my order.

It is therefore ordered that this action is dismissed with prejudice based on plaintiff Justin Campbell's failure to file an amended complaint in compliance with my August 29, 2018 order and for failure to state a claim.

It is further ordered that the motion to proceed *in forma pauperis* **(ECF No. 3) is denied** as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 11th day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE